ELWELL et al. v. RUSSELL.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

1. ARREST IN CIVIL ACTION—SUFFICIENCY OF EVIDENCE.

A complaint on a contract for the payment of money alleged that it was loaned to defendant by reason of his false representation that he owned a certain judgment, and that the statement was made with the intent that it should be acted on by plaintiff. *Held*, that on evidence by plaintiff that the money was loaned on the representation as to the ownership of the judg-

ment, that defendant stated the name of the lawyer who recovered the judgment, that the partner of said lawyer stated that no judgment in favor of defendant had been rendered, but that one had been rendered against him, all of which was uncontradicted, it was error to vacate the order of arrest granted, under Code Civ. Proc. § 549, subd. 4, providing for such arrest where it is alleged in the complaint that defendant was guilty of fraud in incurring the liability.

2. SAME—SUFFICIENCY OF COMPLAINT.

A complaint on a contract for the payment of money, alleging that it was obtained by defendant's false and fraudulent representations made for the purpose of so obtaining it, sufficiently sets up the fraud, so as to comply with Code Civ. Proc. § 549, subd. 4, authorizing an order of arrest in such a case.

Appeal from special term, New York county.

Action by James W. Elwell and another against Charles T. Russell. An order of arrest against defendant was granted, and, from an order vacating such order, plaintiffs appeal. Reversed

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

R. D. Benedict, for appellants.

Leonard D. Baldwin, for respondent.

RUMSEY, J. The action was brought to recover from the defendant the sum of $3,600, which the plaintiffs lent to the defendant on the 3d of January, 1896. The complaint alleged, in addition to the loan, that, on the day when it was made, the defendant, for the purpose of obtaining it, falsely and fraudulently represented to the plaintiffs that he was the owner of a judgment against one Charles Binda, for the sum of 140,000 francs, rendered by the tribunal commercial court in the city of Paris; that there was no assignment of said judgment, and no lien upon it except for the sum of £500 sterling; and that he gave to the plaintiffs, as security for said loan, an assignment of the said judgment. It was further alleged in the complaint that the representations were false and fraudulent; that the defendant never had such a judgment as he represented; and that no such judgment existed. Upon this complaint, an order of arrest against the defendant was obtained and served. The order of arrest was granted upon the authority of subdivision 4 of section 549 of the Code of Civil Procedure, which authorizes an order to be issued in an action upon contract where it is alleged in the complaint that the defendant was guilty of fraud in making the contract or incurring the liability. A motion to vacate the order was subsequently made and granted. The grounds upon which it was either made or granted do not appear, but it is evident that the order vacating the arrest can only be sustained upon the ground, if at all, that the evidence of fraud was not sufficient to warrant the granting of an order of arrest. That evidence consists, in the first place, of the testimony of Elwell, one of the plaintiffs, to the representations by the defendant that he was the owner of such a judgment as is described in the complaint, and that he borrowed from the plaintiffs the sum of $3,600 upon the assignment of that judgment as security and upon the faith of the representations that he owned it. It appears also from the testimony of Mr. Elwell

that Russell, the defendant, at the time of making the representa-
tions, had informed him that his attorney in Paris, who had re-
covered the judgment for him, was one Foiard, and that Elwell di-
rected Mr. Benedict, his attorney, to go to Foiard, in Paris, and in-
quire as to the judgment.    It appears from the testimony of Mr.
Benedict that after this sale had been made, being in Paris, he went
to the office of Foiard, the attorney who had charge of the legal pro-
ceedings which it is said resulted in this judgment, and there saw
his partner or managing clerk, and ascertained that no judgment
in favor of Russell had been rendered in an action against Binda,
but, on the contrary, a judgment had been rendered in that action in
favor of Binda against Russell.    This was practically the testimony
upon which the order of arrest was granted.    It is criticised by the
defendant because, as he says, there is no sufficient evidence of the
falsity of the representations, and no proof that the defendant had
not at the time he made the representations such a judgment.

The papers are to be construed in the light of the fact that there
is nothing in the case to take away whatever probative effect they
may have.    The defendant has not seen fit to contradict anything
stated in them, and therefore the plaintiffs are entitled to the ben-
efit of all facts that may fairly be inferred from them.    It is con-
ceded by the papers that the representations were made, and that
the money was advanced to the defendant upon the faith of them.
This he does not contradict.    But he says there is no evidence that
the representations were not true.    Upon that point it is admitted,
by not contradicting it, that, when he made the representations
as to the judgment, he stated that Foiard was his attorney, and
had procured it; and it is admitted that inquiries at the office of
Foiard, elicited at that place from one who was in charge of the
office, that the result of the suit was not a judgment in favor of
the defendant here, but a judgment against him.    These facts are
not disputed, and it will not do for the defendant, who referred the
plaintiffs to his attorney for information as to his judgment, to say,
when they present that information to the court for its action, that
it does not afford sufficient proof of the facts which it authorized the
plaintiffs to obtain at that place.    The plaintiffs were not called
upon to give any reasons why they did not present the affidavit of
Foiard or of Hyde.    They were not required to present those affida-
vits.    Foiard was the person to whom they had been referred for
information, and they were entitled to bring to the court the infor-
mation which they had received from him, and ask the court to act
upon it.    If the information were not true, it would have been very
easy for the defendant to say so; and, as he has not seen fit to say
so, it must be deemed that he is satisfied with the facts, and only
complains of the manner in which they are proved.

It is complained also, by the defendant, that the plaintiffs do not
sufficiently set forth the facts relied upon to establish an action for
fraud or deceit.    This is not an action for fraud or deceit.    It is
an action upon a contract to pay an amount of money which was lent
by the plaintiffs to the defendant.    The fraud is alleged simply be-
cause the section of the Code referred to requires that it should be

set up in the complaint that the defendant was guilty of a fraud in incurring the liability. That is sufficiently set out in this complaint, which states that the representation was made falsely and fraudulently, for the purpose of obtaining money from the plaintiffs, and sets up that the representations were in fact false. These are sufficient to comply with the requirements of section 549 of the Code.

For these reasons, the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the order of arrest must be denied, with $10 costs. All concur.